# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**STEVEN S. SILVEY**                                                           **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.** 1:20cv44-SA-DAS

**MISSISSIPPI STATE UNIVERSITY**                                               **DEFENDANT**

## COMPLAINT

## JURY TRIAL DEMANDED

**COMES NOW** Plaintiff STEVEN S. SILVEY (hereinafter "Plaintiff"), by and through his attorney of record, and files this Complaint for damages against Defendant MISSISSIPPI STATE UNIVERSITY, stating grounds as follows:

## PARTIES

1. Plaintiff is an adult resident citizen of the State of Florida.

2. Defendant Mississippi State University ["MSU"] is a university within the State of Mississippi. MSU may be served with process by and through Mark E. Keenum, the President of Mississippi State University, at 75 B. S. Hood Drive, Mississippi State University, MS 39762.

-1-

## JURISDICTION AND VENUE

3. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983 and includes any and all federal law claims plead herein for which jurisdiction and venue are attached.

4. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

5. At all times material hereto, Plaintiff Steven S. Silvey ["Coach Silvey"] was employed as a coach by Mississippi State University. Coach Silvey is a world-renowned track coach, a veteran at the national and international level for over 36 years. During his decorated career, Coach Silvey has coached 28 collegiate national champion squads, numerous All-Americans, 17 Olympic Medalists and 20 World Championships Medalists at several of the nation's most prestigious programs including The University of Arkansas, The University of Oregon, Texas A&M University, Blinn Junior College, Texas Tech University and Mississippi State University. Coach Silvey was inducted as a coach into the National Junior College Hall of Fame (2005) and has been a part of 19 team championships in the SEC, Big-12 and PAC-10 conferences.

Individually, his resume boasts 26 World Championship Athletes, 36 Olympians and numerous NJCAA and NCAA All-Americans.

6. Coach Silvey began work at MSU in September, 2013. During his six (6) years of employment he enjoyed tremendous success, having coached several All-SEC Hurdlers. However, despite his success and his long and storied career, Coach Silvey was continuously harassed about due to disability and later retaliated against and terminated due to his age, race, and disability.

7. On January 13, 2014, Coach Silvey was brought into the office of then Head Track and Field Coach Steve Dudley. He was told by Coach Dudley that "I know you are trying to recover from a recent surgery to your ankle, but it looks bad that you are parking in the handicapped parking spots outside of Humphrey Coliseum." Coach Dudley said "stop parking in these spots outside the Hump entrance doors."

8. On May 5, 2014, Coach Silvey was once again brought into Head Coach Dudley's office and told to stop parking in handicapped parking spots. Coach Silvey told him that "I have the proper tag after having my ankle fused shut in 2012." Coach Dudley's reply was "I don't give a damn if you have a handicapped tag as you're a coach". On October 5, 2015, Coach Silvey was once again harassed by Coach Dudley about parking the handicapped spot, despite having the proper tag.

9. On December 7, 2015, while entering Humphrey Coliseum for a track and field staff meeting, Coach Silvey fell on the wet floor and injured his left knee. This left knee was Coach Silvey's good knee that he never had a single issue with or surgery before. In November, 2017, this knee was operated on to clean up floating debris from the fall and injuries relating thereto.

10. On January 11, 2016, Coach Silvey was told to meet with Coach Dudley after the staff meeting in his office and was told once again by Coach Dudley to stop parking in MSU handicapped spots as "Other people are in need of these a lot more than you!"

11. In June 2016, during his yearly evaluation by Coach Dudley, Coach Silvey informed Coach Dudley that he would no longer tolerate being harassed over his medical issues. Coach Silvey informed Coach Dudley that he had his: 1. Mississippi Handicapped Tag; and 2. was on Medicare/Disability due to his right ankle issues.

12. After the constant harassment by Coach Dudley continued. On June 21, 2016, Coach Silvey went to the MSU Human Resources Department and delivered a folder containing the following items: 1. A copy of my Medicare letter; 2. A copy of my disability letter; and 3. A copy of his handicapped tag. Coach Silvey told the HR staff that he wanted these items placed in his file because he wanted proof that MSU was on notice of his disability.

-4-

13. On May 12, 2017, during the 2017 SEC Track and Field Championships at the University of South Carolina in Columbia, South Carolina, Coach Silvey hurt his right knee on the soft grass at the warmup facilities. Two SEC coaches from opposing schools noticed how much pain he was in: Carjay Lyles of the University of Missouri and Clark Humphreys of Vanderbilt University.

14. Coach Silvey had right knee replacement on June 30th, 2017. After missing only two days of work, Coach Silvey was back on campus on July 7, 2017. On that same day, he was driven to the athletic business office to meet with Steve Cohern. Coach Silvey informed Steve Cohern that he hurt his knee at the SEC Championships, but did not claim it due to having an existing claim on the other knee already.

15. During his June, 2018 yearly performance evaluation, Coach Silvey was told by Coach Dudley that he had missed 17 days of work in July of 2017 following a partial knee replacement of his right knee. Coach Silvey reminded Coach Dudley that he was put off the road for 30 days during the month of July by the SEC Conference office for buying a recruit a meal on the way back to the Birmingham, Airport. Coach Silvey further told Coach Dudley that he was incorrect, and that due to the fourth of July Holiday, that he only missed two days of work which were July 5th and July 6th. Coach Silvey was

back on campus with the help of his driver, Jennifer Shirley on July 7th at the MSU Athletic Business office visiting with Steve Cohern.

16. On April 27, 2018, while at the Penn Relays in Philadelphia, PA, Coach Silvey reinjured his left knee after making numerous trips up and down the stairs to the back entrance to the warm-up area of the University of Pennsylvania stadium. When he returned to Starkville, he had an MRI at the local hospital. On May 2, 2018, Coach Silvey was informed by the MSU Team Doctor that he needed to have a partial knee replacement performed. Coach Silvey told him that he was in the middle of the MSU track and field season and that he could not have surgery at that time or Head Coach Steve Dudley would probably fire him.

17. After a second opinion with Dr. Gabe Rulewicz of Tupelo, MS, Coach Silvey had his left knee scoped on August 10th, 2018, where it was discovered that he had a double meniscus tear, which was also repaired. Coach Silvey was subsequently informed that he was now "bone on bone" and would need a total knee replacement soon.

18. After suffering with severe and extreme knee pain for eight (8) months, Coach Silvey had a total left knee replacement at the University of Alabama at Birmingham with Dr. Najana on April 5th, 2019. Coach Silvey was told on June 14, 2019 that his contract would not be renewed for the 2019-2020

school year. Coach Silvey was terminated just ten (10) weeks after his total knee replacement. He was told my final check would be July 15, 2019.

19. As noted above, Coach Silvey was told on June 14, 2019 that his contract would not be renewed for the 2019-2020 school year. At the time of his non-renewal/termination, Coach Silvey was a 62-year-old white male and the oldest coach on the Mississippi State University Track & Field Coaching staff. Further, Coach Silvey was the only actual coach that was terminated by the new head track and field, Coach Chris Woods, an African American in his early thirties. Coach Silvey was replaced by a much younger African American male (Age: 26) with limited coaching experience.

20. A week after Coach Silvey's termination, Daniel Schmidt, the Director of Operations for Mississippi State and also a white male, was terminated as well. Several weeks later, Houston Franks, a white male and the MSU Head Cross Country Coach and Assistant Track Coach who had been at MSU for 14 years, left for a job at Louisiana State University.

21. On November 13, 2018, Coach Woods, then the interim head coach, made a racist comment to Coach Silvey. On Thursday, November 15, 2018, Coach Woods stole four pieces of mail out of the Mississippi State University out-going mail. One piece was personal to Coach Silvey and three pieces were for MSU track and field business. Coach Silvey left these four

envelopes with a two-page letter of explanation, with the Athletic Director's secretary for Mississippi State University Athletic on June14th, 2019, the day he was terminated by Coach Woods and MSU.

22. Plaintiff was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the ADEA because he engaged in the protected activity of voicing and filing a discrimination complaint with the Equal Employment Opportunity Commission. As a result of filing discrimination charges against Defendants, Plaintiff's employment was terminated.

## ADMINISTRATIVE PROCEDURE

23. On or about October 1, 2019, Plaintiff filed charges of race and age discrimination, satisfying the requirements of 42 U.S.C. Section 2000(e) with the EEOC in Jackson, Mississippi. Such charge was filed within one hundred and eighty (180) days after the last unlawful employment practice occurred. (Ex. "A"). Thereafter, Plaintiff filed an amended charge, further alleging disability discrimination. (Ex. "B"). On December 18, 2019, Plaintiff his notice of right to sue on the charges of race and age discrimination. (Ex. "C"). On December 31, 2019, Plaintiff received his notice of right to sue on the charge of disability discrimination. Plaintiff has complied with all statutory and administrative prerequisite to filing suit.

## CAUSE OF ACTION

### COUNT I

### AGE DISCRIMINATION

24. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out herein in full.

25. Plaintiff is a member of a protected class who has been subjected to discrimination by because of his age in violation of the ADEA. He was qualified for the job, terminated and replaced by a much younger, less qualified person outside of the protected class. Plaintiff has lost wages and benefits and has sustained other pecuniary loss.

26. Defendant's discriminatory practices and termination of Plaintiff of Plaintiff were willful, intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff. Plaintiff is entitled to all compensatory damages available to him.

### COUNT II

### RACE DISCRIMINATION

27. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out herein in full.

28. Plaintiff is a member of a protected class who has been consistently subjected to actions creating a hostile working environment and

other discriminatory treatment for Plaintiff because of his race in violation of Title VII of the Civil Rights Act of 1964.

29. The acts and violations of Defendants resulted in a knowing, willful, and intentional violation of Plaintiffs rights guaranteed under Title VII of the Civil Rights Act of 1964. Such unlawful employment practices violate 42 U.S.C. Section 2000e-3.

30. As a direct and proximate result of Defendants unlawful and discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and sustained other pecuniary loss.

31. Defendant's discriminatory employment practices have caused Plaintiff to suffer deep pain, humiliation, anxiety, and emotional distress as well has economic damages.

32. The unlawful actions of Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT III

## DISABILITY DISCRIMINATION

33. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out herein in full.

34. Plaintiff is a member of a protected class, a qualified person with a disability who has been denied reasonable accommodation, and who has been consistently subjected to actions creating a hostile working environment and other discriminatory treatment for Plaintiff because of his disability in violation of the ADA.

35. The acts and violations of Defendants resulted in a knowing, willful, and intentional violation of Plaintiffs rights guaranteed under the Americans with Disabilities Act.

36. As a direct and proximate result of Defendants unlawful and discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and sustained other pecuniary loss.

37. Defendant's discriminatory employment practices have caused Plaintiff to suffer deep pain, humiliation, anxiety, and emotional distress as well has economic damages.

38. The unlawful actions of Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT IV

### CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. SECTION 1983

39. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out herein in full.

40. Plaintiff was subjected to adverse and hostile employment conditions at Mississippi State University due to the actions of its agents and employees.

41. Defendant unreasonably terminated Plaintiff from his position for unlawful reasons and motivations.

42. The actions of Defendant violated 42 U.S.C Section 1983 in violation of Plaintiff's rights secured and guaranteed to him by the 1st and 14th Amendments of the United States Constitution. Because of this violation, Plaintiff has been deprived of federal rights under the color of state law.

43. Defendant's actions show a direct and casual connection between Plaintiff invoking his constitutional rights and the resulting termination by his employer. Such unlawful employment practices violate 42 U.S.C. Section 1983, Section 1981, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. Section 2000e, et. seq.

### DAMAGES

44. As a consequence of the foregoing misconduct of Defendant, Plaintiff sustained economic damages, emotional pain and suffering, great mental stress, depression, insomnia, shock, and humiliation.

45. As a consequence of the foregoing conduct of Defendants, Plaintiff has damages in an amount exceeding the jurisdictional requirements of the Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

a. That Plaintiff be awarded his economic damages, including back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

b. Compensatory damages against Defendant in an amount to be determined by the jury;

c. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to Mississippi and federal law; and

d. Such further relief as is deemed just and proper.

THIS the 13th day of March, 2020.

Respectfully submitted,

STEVEN S. SILVEY, PLAINTIFF

By: <u>/s/ Philip C. Hearn</u>
  Philip C. Hearn, Esq.

Philip C. Hearn, Esq. (MSB# 9366)
HEARN LAW FIRM, P.A.
P. O. Box 5009
Jackson, MS 39296-5009
Telephone: 601.720.3541
Facsimile: 601.969.2161
Email: <u>philiphearn@yahoo.com</u>